UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.             **DECISION AND ORDER**

SHAWN LEBRECHT,         1:16-CR-00166 EAW

      Defendant.

---

## I. INTRODUCTION

Pending before the Court is a motion filed by defendant Shawn Lebrecht (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 58). For the reasons set forth below, Defendant's motion is denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 14, 2016, a grand jury returned a two-count indictment charging Defendant with distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). (Dkt. 14). Defendant was detained pretrial after United States Magistrate Judge McCarthy conducted a detention hearing and concluded that Defendant was "a highly disturbed individual." (Dkt. 20 at 1). Judge McCarthy's decision was, in part, based upon evidence proffered by the Government concerning Defendant's on-line chats. (*Id.*; *see* Dkt. 54 at ¶ 18 (recitation of chats in Presentence Investigation Report); Dkt. 61 at 9-10 (Government's opposition summarizing content of chats)).

On July 27, 2017, Defendant appeared before the undersigned and entered into a plea agreement pleading guilty to Count 2 of the indictment charging possession of child pornography involving a prepubescent minor. (Dkt. 38 at ¶ 1). The plea agreement contemplated a sentencing range under the Sentencing Guidelines of 87 to 108 months in prison. (*Id*. at ¶ 15). The Presentence Investigation Report also calculated a recommended prison sentence under the Sentencing Guidelines of 87 to 108 months. (Dkt. 54 at ¶ 65). On December 20, 2017, the undersigned sentenced Defendant to a below-Guidelines sentence of 60 months in prison, to be followed by ten years supervised release. (Dkt. 56; Dkt. 57).

On April 27, 2020, Defendant filed the pending motion for compassionate release. (Dkt. 58). Defendant contends that his request for release is justified by, among other reasons: the COVID-19 pandemic;[1] his placement at Elkton Federal Correctional Institution ("Elkton FCI") which has well-documented struggles in trying to contain the spread of the virus; the fact that Defendant is close to the end of his prison sentence, which is due to be completed on November 27, 2020; and his mental health and medical conditions. (*Id*.at 4-6).

The Government filed is response in opposition on May 11, 2020. (Dkt. 61). The Government contends that Defendant has failed to establish extraordinary and compelling

---

[1] On March 13, 2020, President Trump declared a National Emergency concerning COVID-19. Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020). According to the World Health Organization's website, as of May 18, 2020, there were 4,589,526 confirmed cases of COVID-19 worldwide, with 310,391 confirmed deaths. *See* Coronavirus (COVID-19), World Health Org., https://covid19.who.int/ (last visited May 18, 2020).

reasons for a reduction in his sentence, because even accepting Defendant's claims as to his existing medical conditions (for which no medical proof has been submitted),[2] none of those conditions place him at a higher risk according to the Centers for Disease Control and Prevention ("CDC") COVID-19 guidelines. (Dkt. 61 at 4-5). The Government outlines the steps undertaken by the Bureau of Prisons ("BOP") to control the spread of COVID-19, and specific improvements that have been implemented at Elkton FCI. (*Id*. at 6-8). The Government further contends that Defendant presents a danger to the community if released. (*Id*. at 9-11).

Defendant filed a reply memorandum in further support of his motion on May 13, 2020, arguing that he does not present a danger, he has established extraordinary and compelling reasons for a reduction in his sentence, and—citing to this Court's decision in *United States v. McIndoo*, ___ F. Supp. 3d ___, No. 1:15-CR-00142 EAW, 2020 WL 2201970 (W.D.N.Y. May 6, 2020)—Defendant contends that the Government is simply trying to paint a "rosy" picture of the conditions at FCI Elkton. (Dkt. 62).

In addition to the submission of counsel, the United States Probation Office ("USPO") submitted a memorandum to the Court on May 1, 2020, which notes that Defendant did not participate in any type of sex offender programming during his

---

[2] The Presentence Investigation Report documented Defendant's mental health conditions in detail (Dkt. 54 at ¶¶ 92-108), and the Court will accept the accuracy of Defendant's representations concerning his mental health and medical conditions, which appear consistent with the PSR. Although there is no diagnosis of hypertension set forth in the PSR, the PSR does state that Defendant indicated he had been prescribed medication to lower his blood pressure, but the medical records were not obtained because the jail where Defendant was housed charged a fee for any records. (*Id.* at ¶ 99).

incarceration. The USPO also notes that all community-based sex offender treatment is being conducted telephonically due to the pandemic, "which is less than ideal, especially during the initial assessment phase which the offender would be enrolled in if granted release." The USPO opposes Defendant's motion for the reasons documented in its memorandum.

## III.  LEGAL STANDARD AND ANALYSIS

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, __ F. Supp. 3d __, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020). The compassionate release statute, as amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the

reduction in the prison sentence is consistent with the Sentencing Commission's policy statements

Here, the Government does not oppose Defendant's application on exhaustion grounds. *See United States v. Wen*, ___ F. Supp. 3d ___, No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *4-5 (W.D.N.Y. Apr. 13, 2020) (as a claim-processing rule, § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and thus subject to the doctrines of waiver and equitable estoppel). In this case, Defendant submitted a request to the Warden at Elkton FCI on April 14, 2020 (Dkt. 61-1 at 2), the request was denied on April 27, 2020 (*id*. at 4), and more than 30 days have elapsed since Defendant submitted his request. Thus, the exhaustion requirements of the statute do not operate to bar the Court's consideration of the motion.

However, the Court agrees with the Government that Defendant has failed to establish extraordinary and compelling reasons justifying a reduction in his sentence, and moreover, Defendant presents a risk of danger if released. The Sentencing Commission's relevant policy statement pertinent to motions under § 3582(c)(1)(A) is contained at U.S.S.G. § 1B1.13, and among other factors requires that a motion for a reduction in a prison sentence should only be granted where the Court determines that a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." A defendant's dangerousness must also be considered as part of a court's consideration of the factors set forth at 18 U.S.C. § 3553(a), as mandated by the statute. Here, Defendant argues that he does not present a danger, citing to his clean disciplinary record while incarcerated, the BOP's assessment that he presents a low risk to reoffend

once released, and the Government's apparent decision not to seek Defendant's civil commitment pursuant to 18 U.S.C. § 4247. (Dkt. 62 at 4; *see* Dkt. 60-1 at 4). None of Defendant's arguments persuade the Court. Instead, the Court agrees with the Government that the underlying offense conduct, and in particular Defendant's communications during the on-line chats, raise grave concerns about Defendant's potential danger if released. While the Court attempted to fashion a sentence that was sufficient but not greater than necessary to comply with the objectives of sentencing set forth at 18 U.S.C. § 3553(a), and it believed that a prison sentence of 60 months was appropriate in view of those factors, it is also apparent that a lengthy supervised release term with robust supervision is absolutely critical to protecting the community from any risk of danger that Defendant presents. As documented by the USPO, it is much more challenging during these times of restricted community-based treatment, to appropriately implement the supervised release conditions. Moreover, as pointed out by the USPO, Defendant failed to take advantage of any sex offender treatment while incarcerated even though it is plainly warranted based on his offense conduct. Defendant has offered no explanation for the absence of such treatment in his reply submitted in support of the motion. In sum, the Court cannot conclude that Defendant does not present a risk of danger, and on that basis alone, the pending motion must be denied.

Separate and apart from Defendant's danger, the Court also concludes that Defendant's motion must be denied because he has failed to establish extraordinary and compelling reasons justifying a reduction in his sentence. Defendant is 38 years old, and he does not credibly identify himself as suffering from any medical condition identified by

the CDC as creating a heightened risk factor for COVID-19.[3]  In fact, according to Defendant, he may have already contracted the disease, and it resolved without any medical treatment.  (Dkt. 58 at 8).

Furthermore, while this Court has already recognized that the conditions at Elkton FCI appear dire, *see McIndoo*, 2020 WL 2201970, at *4, and the Government continues to seem reluctant to acknowledge the seriousness of those conditions, the Court credits the Government for at least discussing specifics related to Elkton FCI in this case, unlike its handling of the discussion in *McIndoo*.  (*See* Dkt. 61 at 6-8).  Moreover,  the Court's own review of the docket in the putative class action pertaining to the conditions at Elkton FCI reveals that additional efforts have been made to conduct mass testing within the facility.

---

[3]   Defendant is apparently contending that he is "immunocompromised" based upon his mental health status.  (Dkt. 58 at 10).  However, Defendant has not established that his mental health conditions fall within the scope of immunocompromised as defined by the CDC, which states that "[m]any conditions can cause a person to be immunocompromised, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications." *See Frequently Asked Questions: Higher Risk*, Ctrs. for Disease Control & Prevention (May 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Higher-Risk.  In fact, the Government states that according to according to an April 26, 2020, Memorandum from a BOP Health Services Administrator to the Warden at FCI Elkton, Defendant is in "good health."  (Dkt. 61 at 5).

Defendant also cites to hypertension as a risk factor, but that is not identified by the CDC as a medical condition placing an individual at a greater risk.  The CDC explains: "At this time, we do not think that people with high blood pressure and no other underlying health conditions are more likely than others to get severely ill from COVID-19.  Although many people who have gotten severely ill from COVID-19 have high blood pressure, they are often older or have other medical conditions like obesity, diabetes, and serious heart conditions that place them at higher risk of severe illness from COVID-19." *See Frequently Asked Questions: COVID-19 and Hypertension*, Ctrs. for Disease Control & Prevention (May 12, 2020), https://www.cdc.gov/coronavirus/2019-ncov/faq.html#COVID-19-and-Hypertension.

*See* Status Report, *Wilson v. Williams*, No. 4:20-CV-00794-JG, Dkt. 81 (N.D. Ohio Apr. 30, 2020). The Court also notes that Defendant is not identified as a medically vulnerable inmate on the list filed in connection with that putative class action. *See* Exhibit A to Notice of Identification of Inmates, *Wilson v. Williams*, No. 4:20-CV-00794-JG, Dkt. 35-1 (N.D. Ohio Apr. 30, 2020). As the Court noted in *McIndoo*, even given the serious conditions at Elkton FCI, release from custody is not the automatic result. A court must consider all the relevant circumstances, and here, those circumstances do not rise to the level of extraordinary and compelling reasons justifying a reduction in Defendant's sentence.

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 58) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:    May 18, 2020
          Rochester, New York